UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE  DIVISION

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:26-cv-00284** |
| **vs.** | ) | |
| | ) | **Judge Eli J. Richardson** |
| **CITY of SPRINGFIELD, TENNESSEE,** | ) | **Magistrate Judge Barbara D.** |
| | ) | **Holmes** |
| | ) | |
| **Defendant.** | ) | |

## AMENDED COMPLAINT

The Plaintiff, Tennessee Riverkeeper, Inc., files this Amended Complaint as a matter of course, under the provisions of Fed R Civ P 15 (a)(1)(B) within twenty-one days after service of a motion under Rule 12(b), (e), or (f), as follows:

### NATURE OF THE CASE

1. This is a citizen's suit, brought pursuant to the provisions of Section 505(a)(1) of the Federal Water Pollution Control Act, also known as the Clean Water Act (hereinafter "CWA"), as amended, 33 U.S.C. § 1365(a)(1), to address violations of the CWA by Defendant, City of Springfield, Tennessee ("Springfield" or "the City") arising out of illegal discharges of pollutants from the Springfield Sewage Treatment Plant ("STP") at Springfield, Robertson County, Tennessee.

2. Defendant Springfield is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§ 1311 and 1342) and sections 122.1 *et sec* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of

1

the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System ("NPDES").

3. Springfield is violating provisions of its NPDES permit by allowing discharges to waters of the United States and waters of the state from overflows of sewage from its sewage collection system. Additionally, Springfield is in violation of provisions of the Permit by failure to operate its collection system so as to avoid releases due to improper operation or maintenance. Springfield is in further violation of its permit by improperly reporting sanitary sewer overflows as releases. Riverkeeper seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of litigation costs, including attorney and expert witness fees, for Defendant Springfield's repeated and ongoing violations of the CWA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint by virtue of Section 505(a)(1) of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a)(1). Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1331 (Federal question).

5. Venue is appropriate in the Middle District of Tennessee pursuant to 33 U.S.C. § 1365(c)(1) and because the acts, omissions, and/or violations complained of herein occurred, and continue to occur, at Robertson County, Tennessee, within the Middle District.

## NOTICE

6. Tennessee Riverkeeper ("Riverkeeper") has complied with the pre-suit notice provisions of the CWA. Pursuant to 33 U.S.C. § 1365(b)(1)(A), 40 C.F.R. Part 135, Riverkeeper, on November 10, 2025, gave the City of Springfield notice of the violations alleged herein and its intent to sue after the expiration of sixty (60) days ("November Notice") (Exhibit A). At the same

time, Riverkeeper mailed a copy of the November Notice to the Administrator of the Environmental Protection Agency ("EPA"), the Regional Administrator of Region IV of the EPA, and the Commissioner of the Tennessee Department of Environment and Conservation ("TDEC"). Service of notice on Defendant was by certified mail. More than 60 days have passed since the November Notice was served on Defendant and these agencies.

7. Since Riverkeeper gave notice, the violations complained of have not ceased and are ongoing. Neither the EPA nor the State of Tennessee has commenced and diligently prosecuted a civil or criminal enforcement action in a court of the United States or a state for the violations. Furthermore, prior to the March Notice, neither the EPA nor the State of Tennessee commenced and diligently prosecuted an administrative action under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations and Riverkeeper is filing this action within 120 days of the November Notice.

8. Neither the EPA nor the state has issued a final order not subject to further judicial review and the Defendant has not paid a penalty assessed under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations.

9. Riverkeeper will, immediately upon receipt of a file stamped copy of this Complaint, mail a copy of this Complaint to the Administrator of the EPA, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred (Region 4), and the Attorney General of the United States.

## PARTIES

10. Riverkeeper is a non-profit corporation formed in the State of Alabama and granted authority to operate in Tennessee by the Division of Business Services, State of Tennessee, as a

3

nonprofit foreign corporation. Riverkeeper has approximately 1,500 members, and is dedicated to the preservation, protection, and defense of the Tennessee and Cumberland Rivers and their tributaries. Riverkeeper actively supports effective enforcement and implementation of environmental laws, including the CWA, on behalf of and for the benefit of its members.

11. Members of Tennessee Riverkeeper have recreated in, on or near, or otherwise used and enjoyed, or attempted to use and enjoy, the Sulphur Fork Creek, Red River and Cumberland River in the past, and they intend to do so in the future. They have a direct and beneficial interest in the continued protection, preservation, and enhancement of the environmental, aesthetic, and recreational values in the Cumberland River and its tributaries, including Sulphur Fork Creek and Red River. The quality of these waters directly affects the recreational, aesthetic, and environmental interests of certain members of Tennessee Riverkeeper. The recreational, aesthetic, and environmental interests of certain of Tennessee Riverkeeper's members have been, are being, and will be adversely affected by the Defendant's continued violation of the NPDES permit requirements, Tennessee NPDES rules, and the CWA as alleged in this complaint.

12. Members of Tennessee Riverkeeper now recreate less on the Cumberland River and its tributaries, including Sulphur Fork Creek and Red River because of the Defendant's illegal discharges. The violations alleged herein have had a detrimental impact on those members' interests because the violations have adversely affected and/or diminished aquatic life and water quality in these rivers and have made these rivers less suitable for fishing, boating, wading, walking, observing nature, or relaxing. Said members would recreate more in and around these rivers but for Defendant's illegal discharges of pollution. Riverkeeper's members will recreate more often in or near these rivers once the Defendant's illegal discharges cease.

4

13. Petrus (Rus) Snijders is a member of Tennessee Riverkeeper. He is a professional kayak tournament fisherman and fishing guide. He likes to fish in Red River and Cumberland River. He is concerned about pollution in Red River. When he kayak fishes in the summer, he likes to take a swim to cool off, and he does not want to swim in polluted water. He is concerned about the effects of pollution on the environment and aquatic wildlife. He is also concerned about the effects of polluted water on his guide service. His Declaration is attached hereto as Exhibit B.

14. Riverkeeper is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

15. Defendant, Springfield, is a Tennessee municipality within the Middle District of Tennessee, with principal offices at Springfield, Tennessee. Springfield is the owner and operator of the Springfield WWTP and is in control of the facility.

16. Springfield is a "person" within the meaning of 33 U.S.C. §§1362(5) and 1365(a)(1).

**STATUTORY BACKGROUND**

17. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the CWA. Among other things, Section 301(a) prohibits such discharges not authorized by, or in violation of the terms of, a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

18. The State of Tennessee has been delegated the authority to implement the permitting programs of the Act by the EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b). TDEC is the water pollution control agency for purposes of the Act and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Tennessee.

19. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms and conditions of NPDES permits. 33 U.S.C. § 1365(f).

## GENERAL ALLEGATIONS

20. This is an action for declaratory judgment, injunctive relief, civil penalties, and litigation costs, including reasonable attorney's and expert witness fees, to enforce provisions of the CWA, and regulations adopted pursuant to said act.

21. Springfield is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec.* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System.

22. Springfield was issued NPDES permit number TN0024961 for Springfield STP ("Permit"), which authorizes the permit holder to discharge treated municipal wastewater from Outfall 001 to Sulphur Fork Creek at Mile 23.2, Confluence of Carr Creek at mile 0 and Sulphur Fork Creek at mile 23.0, subject to stated discharge limitations and monitoring requirements.

23. All discharges must be in accordance with effluent limitations, monitoring requirements, and other conditions set forth in the NPDES Permit.

24. Any permit noncompliance constitutes a violation of applicable state and federal laws and is grounds for enforcement action. *See,* Permit §2.1.1. Springfield is subject to strict liability for any violations of its NPDES Permit.

25. As set forth in the November Notice, attached hereto as Exhibit "A" and incorporated by reference herein, and in Counts One through Four, below, Springfield has violated the CWA by operating its STP in a manner which discharges pollutants to the waters of the United States and

6

waters of the state in violation of its NPDES Permit and/or outside the coverage of its permit, and by improperly reporting overflows as releases.

26. The violations set forth herein and in the November Notice are continuing and ongoing, or are likely to recur, as of the date of this Complaint.

**COUNT ONE**
**FAILURE TO AVOID OVERFLOWS IN VIOLATION OF AN NPDES PERMIT AND THE CLEAN WATER ACT**

27. The Plaintiff hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 26 herein as if fully set out in this count.

28. Springfield is in violation of provisions of its NPDES Permit by failing to operate its collection system so as to avoid overflows. The permit specifically prohibits overflows and places a duty upon Springfield to avoid overflows. *See,* Permit §2.3.3. Overflows in violation of the Permit have been reported to the TDEC on at least the occasions shown in **Appendix A**. This list shows thirty-eight overflows since August 31, 2021. Springfield is therefore liable for thirty-eight CWA violations under this Count.

29. The violations set out in this Count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future. Defendant Springfield experienced a sanitary sewer overflow on March 23, 2026, of 1,000 gallons at 300 Roy Pitt Road, which reached the waters of Wartrace Creek between Sulphur Fork and Wartrace Lake Dam. The report of this overflow was not placed on public notice until June 25, 2026, after two revisions. The NPDES Sewer Overflow Report is attached hereto as **Exhibit C**.

30. These violations have an adverse impact on waters of the United States and waters of the state, specifically of Sulphur Fork Creek, Red River, and the Cumberland River, and on the

7

recreational, aesthetic, environmental, and pecuniary interests of Riverkeeper's members in those waterways as set out in paragraphs 11 thru 13 herein above.

31. Defendant Springfield should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES Permit and the CWA.

32. Defendant Springfield should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which Defendant Springfield is liable, each day that the Springfield sewage treatment plant has discharged a pollutant in violation of its NPDES Permit and/or without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d).

## COUNT TWO
## RELEASES OF POLLUTANTS DUE TO IMPROPER OPERATION AND MAINTENANCE IN VIOLATION OF AN NPDES PERMIT AND THE CLEAN WATER ACT

33. The Plaintiff hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 32 herein as if fully set out in this count.

34. Springfield is in violation of section 301(a) of the CWA, 33 U.S.C. §§ 1311, and 40 C.F.R § 122.1, *et seq*., as well as similar provisions of Tennessee law. *See* T.C.A. § 69-3-108 and § 69-3-115. These laws require that no person shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the NPDES.

35. Springfield is in violation of provisions of the stated permit by operating its STP in a manner which discharges "releases" of pollutants to the waters of the United States and waters of the state in violation of its permit, as demonstrated by Reports submitted by Springfield to the TDEC.

8

36. A "release" is defined by the permit as: "the flow of sewage from any portion of the collection or transmission system owned or operated by a publicly owned treatment works (POTW) or a domestic wastewater treatment plant, other than through permitted outfalls, that does not reach waters."

37. Releases caused by improper operation and maintenance are prohibited.  *See,* Permit §2.3.2.

38. Appendix B lists forty-five discharges reported by Springfield as "releases" between September 2, 2021 and April 6, 2025, which exceed fifty gallons of sewage.

39. Riverkeeper contends these releases were caused by improper operation and maintenance.

40. Each release caused by improper operation and maintenance is a permit violation and a violation of the CWA.

41. Defendant Springfield should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES permit, the TWQCA, and the CWA.

42. Defendant Springfield should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which the Defendant is liable, each day that Springfield has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day is has occurred and will occur after the filing of this Complaint.

43. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue to commit these or similar violations in the future. Defendant Springfield reported a "release" on March 18, 2026, of 1,000 gallons of sewage at 2288

9

17th Ave East, which they contend did not reach Waters of the State. Riverkeeper contends this "release" was caused by improper operation and maintenance. The NPDES Sewer Overflow Report is attached hereto as **Exhibit D**.

44. These violations have an adverse impact on waters of the United States and waters of the state, specifically the Sulphur Fork Creek, Red River and the Cumberland River, and on the recreational, aesthetic, and environmental interests of the Riverkeeper's members in those waterways as set out in paragraphs 11 thru 13 herein above.

**COUNT THREE**
**VIOLATIONS DUE TO FAILURE TO PROPERLY REPORT NONCOMPLIANCE**

45. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 thru 44 above as if fully set out in this count.

46. As the permittee, the City of Springfield is required to comply will all conditions of the permit. Any permit noncompliance constitutes a violation of the TWQCA of 1977, (T.C.A. 69-3-101 et seq.) and the CWA, and is ground for enforcement action. See Permit §2.1.1.

47. The City is required under Permit §2.3 to report its noncompliance with its permit obligations. Noncompliance reporting requires the permittee to submit, among other things, a written report to TDEC of any overflow, release, bypass, upset and washout which could cause a threat to human health or the environment within five days of the event. The permittee must provide the following information:

1. A description of and the cause of the noncompliance or release;

2. The period of noncompliance or release, including start and end dates and times i.e. duration or, if not corrected, the anticipated time the noncompliance or release is expected to continue;

10

3. The steps being taken to reduce, eliminate, and prevent recurrence of the noncompliance or release; and

4. For POTWs or domestic wastewater treatment plants, reporting any dry weather overflow, wet weather overflow, dry weather release, wet weather release, combined sewer overflow, or bypass, this written report must also include the following:

I. Type of event;

II. Type of sewer overflow, release, or bypass structure (e.g., manhole, combined sewer overflow outfall);

III. Estimated volume (gallons);

IV. Types of human health and environmental impacts;

V. Location (latitude and longitude);

VI. Estimated duration (hours);

VII. The next downstream pump station (for overflows and releases only); and

VIII. The name of receiving water (if applicable).

48. A "release" is defined by the permit as: "the flow of sewage from any portion of the collection or transmission system owned or operated by a publicly owned treatment works (POTW) or a domestic wastewater treatment plant, other than through permitted outfalls, that does not reach waters."

11

49. In making its non-compliance report, a permit holder must determine whether its discharge is a "release", which does not reach waters and might not be a violation of the CWA, or an "overflow", which does reach waters and is a violation of the permit and the CWA.

50. Riverkeeper contends that, absent extraordinary circumstances, any discharge of more than fifty gallons of sewage in the State of Tennessee will reach waters.

51. The "releases" listed in Appendix B are all greater than fifty gallons. Many are greater than 1,000 gallons; the list includes discharges of 9,000, 10,000, 25,200, and 27,000 gallons.

52. Riverkeeper contends that the forty-five "releases" listed in Appendix B reach waters of the United States and should have been reported by the City as "overflows," rather than "releases."

53. Springfield is in violation of provisions of its NPDES Permit by failing to properly report its noncompliance as required by the above provisions.

54. Each failure to properly report its noncompliance is a separate violation of the Permit and the CWA for which the City is liable.

55. The violations set out in this Count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future. Defendant Springfield reported a "release" on March 18, 2026, of 1,000 gallons of sewage at 2288 17th Ave East, which they contend did not reach Waters of the State. Riverkeeper contends this "release" of 1,000 gallons reached waters of the state and should have been reported as an overflow. The NPDES Sewer Overflow Report is attached hereto as **Exhibit D**.

56. Defendant Springfield should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES Permit and the CWA.

12

57. Defendant Springfield should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which Defendant Springfield is liable, each day that the Springfield sewage treatment plant has discharged pollutants in violation of its NPDES Permit and/or without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d).

**COUNT FOUR**
**FAILURE TO AVOID OVERFLOWS IN VIOLATION OF AN NPDES PERMIT AND THE CLEAN WATER ACT**

58. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference the paragraph 1 thru 57 above as if fully set out in this count.

59. As stated above, the forty-five "releases" listed in Appendix B are overflows which were discharged from Springfield's sewage collection system to waters of the state and of the United States in violation of the Permit and the CWA.

60. Springfield is in violation of provisions of its NPDES Permit by failing to operate its collection system so as to avoid the forty-five overflows listed in **Appendix B**. The permit specifically prohibits overflows and places a duty upon Springfield to avoid overflows. *See,* Permit §2.3.3.

61. Each overflow, and each day an overflow continues, is a separate violation of the Permit and the CWA for which the City is liable.

62. The violations set out in this Count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future. Defendant Springfield reported a "release" on March 18, 2026, of 1,000 gallons of sewage at 2288 17th Ave

13

East, which they contend did not reach Waters of the State. Riverkeeper contends this "release" did reach Waters of the State and is and should have been reported as an overflow. The NPDES Sewer Overflow Report is attached hereto as **Exhibit D**.

63. Defendant Springfield should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES Permit and the CWA.

64. Defendant Springfield should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which Defendant Springfield is liable, each day that the Springfield sewage treatment plant has discharged pollutants in violation of its NPDES Permit and/or without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d).

## INJUNCTIVE RELIEF

65. The violations set out herein will continue unless this Court enjoins Defendant from continuing to violate its permit.

66. These violations have caused irreparable injury to some of Riverkeeper's members. Riverkeeper has no adequate remedy at law for the injuries caused to its members by Defendant's ongoing violations in that Riverkeeper would be forced to bring repeated and burdensome actions for each new injury to its interests if Defendant's ongoing violations are not enjoined.

67. An injunction will be in the public's interest in this case. Because Defendant is in continuing violation of the law, the equities for an injunction weigh in Riverkeeper's favor.

68. Therefore, Riverkeeper brings this cause of action to enjoin Defendant from engaging in any other affirmative act or conduct which would contribute to further permit violations.

14

**PRAYER FOR RELIEF**

**WHEREFORE**, Riverkeeper respectfully requests that the Court grant the following relief:

a. Plaintiff Riverkeeper requests the Court render a judgment finding and declaring that Defendant Springfield has violated and is in violation the CWA, 33 U.S.C. § 1311(a), and Tennessee NPDES rules;

b. Plaintiff Riverkeeper requests and petitions this Court to enjoin the violations and any and all illegal conduct by Defendant set out and alleged in Counts One thru Four above and issue an injunction compelling Defendant to remedy the illegal discharges of pollutants into waters of the United States;

c. Plaintiff Riverkeeper requests and petitions this Court to assess a $74,958.04 civil penalty (*see* 40 CFR § 19) against Defendant Springfield for each violation and each day of continuing violation of the CWA for which Defendant is found liable pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a), or such amount as the Court finds proper;

d. Plaintiff Riverkeeper requests and petitions this Court for an award of litigation costs, including reasonable attorney's fees and expert fees, as authorized by 33 U.S.C. § 1365(d); and

e. For such other, further or more general relief as this Court may deem appropriate.

Respectfully submitted this the 6th day of July, 2026.

/s/ Mark E. Martin

15

Mark E. Martin
Alabama Bar No: 9361-A41M
(Admitted to USDC Middle District of Tennessee)
P.O. Box 1486
Oneonta, AL 35121
Telephone: (205) 516-9350
mmartin@markemartin.com

*/s/* Matthew JP Horton II
Matthew JP Horton II (#38724)
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208
Telephone: 615-600-4780 jp.horton@kleinpllc.com

**Attorneys for Plaintiff Tennessee Riverkeeper, Inc.**

16

## CERTIFICATE OF SERVICE

I certify that on July 6, 2026, a true and correct copy of the foregoing document was furnished to the following via the Court's CM/ECF electronic filing system:

Joshua Lee
Bill Penny
Thompson Burton, PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Telephone: (615) 375-0390

Sean J. Radomski,
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
(202) 888-6881
sradomski@pacificlegal.org
Damien M. Schiff,* Cal. Bar No. 235101
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
(916) 419-7111
dschiff@pacificlegal.org

Matthew "JP" Horton II
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208
Telephone: 615-549-7254
Email: jp.horton@kleinpllc.com

/s/ Mark E. Martin
Mark E. Martin

17